■ CORNELL UNIVERSITY, Appellant, v CITY OF NEW YORK POLICE DEPARTMENT et al., Respondents.—Judgment of the Supreme Court, New York County (Alfred M. Ascione, J.), entered August 10, 1988, which ordered the release of certain documents compiled during an investigation, as redacted by the court, modified, on the law, without costs, to the extent of directing respondents to turn over the documents sought without redaction and otherwise affirmed.

Petitioner Cornell University (Cornell) demanded the production of documents under the Freedom of Information Law (FOIL; Public Officers Law §§ 84-90). The documents pertain to an investigation conducted by respondent City of New York Police Department (NYPD) into the sexual assault upon a Cornell student by a security guard employed by Cornell which occurred at its premises located at 455 East 69th Street, New York, New York. The records were sought in connection with the defense of a civil lawsuit which Cornell expected to be brought against it by the victim and which was in fact commenced on January 4, 1988. In the criminal case a plea of guilty to attempted rape in the second degree was entered by the security guard on May 7, 1987.

NYPD refused to release the requested material citing the exemptions in the Public Officers Law permitting an agency to deny access to records on the grounds that they would disclose information given in confidence to an investigator (§ 87 [2] [e]), endanger the life or safety of a person (§ 87 [2] [f]), constitute an unwarranted invasion of privacy (§ 87 [2] [b]) and require disclosure of interagency or intraagency material (§ 87 [2] [g]). Supreme Court, while determining that Cornell was entitled to obtain access to the records, redacted the names, addresses, and telephone numbers of the complainant, identifying witnesses and other persons interviewed, as well as the description of the acts perpetrated upon the victim.

This appeal raises the question of the extent to which the courts may intervene to protect the confidentiality of persons who are not parties to a request for information under FOIL.

The general proposition that all agency records are presumptively available to the public *(Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 79-80), with the burden of demonstrating that material requested is exempt from disclosure falling upon the agency *(Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 566), does not address the rights of persons about whom information may be released. The misuse of FOIL by prisoners to obtain information in the personnel files of correction officers has already prompted an amendment to Civil Rights Law § 50-a to restrict access to those records (L 1981, ch 778, § 1, eff July 27, 1981; *see, Matter of Capital Newspapers Div. v Burns,* 67 NY2d 562, 568).

The class of persons protected by article 5 of the Civil Rights Law is extremely limited. Therefore, the approach adopted by the courts is to conduct an in camera inspection of documents requested under FOIL and to redact confidential information, a safeguard which has been approved by this court *(Matter of Radio City Music Hall Prods. [New York City Police Dept.],* 121 AD2d 230, 231; *Church of Scientology v State of New York,* 61 AD2d 942, *affd* 46 NY2d 906). The criteria employed in conducting such a review include the expectation of privacy of the person who gives information to the police and the need for protection against dissemination of personal information. Thus, where a criminal convicted of eight counts of murder sought information contained in police files, including the names, addresses and statements of witnesses, the Second Department flatly ruled that "[t]he names, addresses, and statements of confidential witnesses compiled during a criminal investigation are exempt from disclosure" *(Matter of Allen v Strojnowski,* 129 AD2d 700, 701).

The significance of FOIL has been augmented by its endorsement as an alternative to disclosure pursuant to CPLR article 31. In *Matter of Farbman & Sons v New York City Health & Hosps. Corp. (supra,* at 81, *revg* 94 AD2d 576), the Court of Appeals stated, "Given FOIL's purpose, its broad implementing language, and the narrowness of its exemptions, article 31 cannot be read as a blanket exception from its reach". The court also stated, "FOIL does not require that the party requesting records make any showing of need, good faith or legitimate purpose" *(supra,* at 80). Therefore, there is wider latitude to acquire information under FOIL than under the CPLR disclosure provisions which, while broad, require that the information sought be at least "material and necessary" (CPLR 3101 [a]), a standard which is interpreted to mean

merely "relevant" *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403; Siegel, NY Prac § 344).

Where employed for discovery purposes, the courts have utilized the same criteria to evaluate the request for information. The case of *Hawkins v Kurlander* (98 AD2d 14) is instructive. There, transcripts of interviews conducted by the District Attorney's office were sought in connection with an action for wrongful death brought against a hospital. The request for the transcripts was denied, but the names and addresses of the witnesses interviewed were disclosed. The Fourth Department noted that the hospital administrators had been promised confidentiality in exchange for their cooperation in the investigation and viewed the circumstances "as precluding disclosure of these materials because of the chilling effect it would have on future investigations by the District Attorney" (98 AD2d 14, 17, *supra).*

In the matter under review, NYPD has failed to meet its burden to establish that the material sought is exempt from disclosure. While NYPD has invoked a number of exemptions which might justify its failure to supply the requested information, it has failed to specify with particularity the basis for its refusal. "Only where the material requested falls squarely within the ambit of one of [the] statutory exemptions may disclosure be withheld" *(Matter of Fink v Lefkowitz,* 47 NY2d 567, 571).

As to the concern for the privacy of the witnesses to the assault, NYPD has not alleged that anyone was promised anonymity in exchange for his cooperation in the investigation so as to qualify as a "confidential source" within the meaning of the statute (Public Officers Law § 87 [2] [e] [iii]). Any of the witnesses could have been called to testify at a criminal trial, their names and addresses were discoverable absent a protective order pursuant to CPL 240.50 and, in fact, may have been disclosed. (It is not clear at what stage of the proceedings the assailant entered his guilty plea.) Therefore, there is no basis in the record to deny disclosure of the names and addresses of witnesses.

As to the details of the acts constituting the sexual assault, commencement of the civil action against Cornell has put the assault in issue and the victim can clearly be questioned on the subject. Having opened up the topic to inquiry, it cannot be said that revelation of the details of the crime constitutes an unwarranted invasion of privacy. Concur—Carro, J. P., Milonas, Wallach and Rubin, JJ.

Smith, J., dissents in part in a memorandum as follows: I would affirm the decision of the motion court which, after an in camera inspection, directed production of police reports in the case of the defendant Alan J. Smalls but directed that certain information be deleted (i.e., the complainant's home address and telephone number, names and other identifying information of witnesses, names and addresses of other persons interviewed during the investigation and intimate descriptions of the acts allegedly perpetrated upon the complainant).

This proceeding grows out of a sexual assault upon a Cornell University medical student on February 11, 1987 at a Cornell University dormitory, Olin Hall, located on East 69th Street in New York County. On May 7, 1987 a security guard, Alan J. Smalls, pleaded guilty to attempted rape in the second degree. By a letter from Associate University Counsel Thomas Santoro to the Police Department, dated May 12, 1987, petitioner requested "all police reports in connection with the above-referenced *(People v. Alan J. Smalls)* felony prosecution." In a reply to Mr. Santoro, dated July 16, 1987, Ereta McAlister, records access officer of the Police Department, denied the request because the reports "if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of the law." Petitioner appealed the determination. On August 14, 1987 respondent denied the appeal. In a letter from John J. Grimes, Assistant Deputy Commissioner for Civil Matters, to Mr. Santoro, the Police Department denied the appeal. The letter stated in part: "Please be advised that I am denying disclosure to avoid, among other reasons, disclosing information given in a *[sic]* confidence to the investigator [Public Officers Law § 87 (2) (e)]; to avoid endangering the life or safety of a person(s) [§ 87 (2) (f)]; to avoid an invasion of privacy [§ 87 (2) (b)] and to avoid disclosing intraagency material [§ 87 (2) (g)]."

Public Officers Law § 87 (2) (e) reads as follows:

"Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that * * *

"(e) are compiled for law enforcement purposes and which, if disclosed, would:

"i. interfere with law enforcement investigations or judicial proceedings;

"ii. deprive a person of a right to a fair trial or impartial adjudication;

"iii. identify a confidential source or disclose confidential information relating to a criminal investigation; or

"iv. reveal criminal investigative techniques or procedures, except routine techniques and procedures".

The motion court considered each of the categories recited by respondent and rejected them all. It is true that the respondent did not make any showing as to why the records should not be disclosed under the previously cited clauses of Public Officers Law § 87 (2) (e). Nevertheless, the information sought, including addresses and telephone numbers, is clearly of a private nature. Public Officers Law § 89 (2) (b) prohibits the disclosure of material constituting "[a]n unwarranted invasion of personal privacy".

I would therefore uphold the motion court's decision to delete the private information demanded in petitioner's appeal.