■ ESTATE OF SAMUEL GLOVER et al., Respondents-Appellants, v CITY OF NEW YORK, Respondent, and PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, Appellant-Respondent. [599 NYS2d 584] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 23, 1991, which denied plaintiff's motion to compel defendant City of New York to disclose police reports, granted the City's cross motion for judgment dismissing the complaint for "failure to state a cause of action and summary judgment", and denied defendant Public Administrator's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting plaintiff's motion to compel disclosure and directing the City to turn over redacted versions of the requested documents and, except as so modified, affirmed, without costs.

Plaintiff's decedent sustained severe injury when he was

struck by an automobile which had been operated by defendant's decedent, Gary Robinson. Mr. Robinson was caused to lose control over the vehicle after sustaining two gunshot wounds to the back and upper arm, the bullets penetrating the pulmonary artery, lungs and bronchus. Mr. Robinson was found on the 145th Street bridge. His vehicle rolled down the bridge roadway and across Lenox Avenue and struck Samuel Glover on the sidewalk in front of 103 West 145th Street. Robinson was pronounced dead on arrival at Harlem Hospital. Glover died one month later from pneumonia and infection secondary to his injuries.

How defendant's decedent came to be outside his automobile is not known. In the effort to gain some insight into his last moments of life, plaintiff requested that defendant City provide documents (vouchers, crime scene report, and "the Detective's report") prepared in the course of the criminal investigation. The City refused on the ground that the reports concerned murder which is not governed by a Statute of Limitations, and the investigation is therefore "presumably" not closed. Plaintiff moved to compel disclosure, and the City and the Public Administrator respectively cross-moved to dismiss the complaint against each of them. Supreme Court denied plaintiff's motion to compel the City to appear at a deposition, granted the City's cross motion to dismiss on the ground that the City is not an insurer of the safety of its roadways and denied the Public Administrator's cross motion on the ground that "[w]hether Robinson's actions were reasonable in light of his gunshot wounds is clearly a jury question."

On appeal, plaintiff does not contest the dismissal of the action as against the City but asserts the need for discovery. The City has not shown why the documents sought are privileged, having failed to state with particularity any basis for resisting disclosure of these items (see, Cornell Univ. v City of N. Y. Police Dept., 153 AD2d 515, 517, lv denied 75 NY2d 707). Nor does the City make any claim that the technically open investigation into this crime remains active. Finally, at this point in the proceedings, there is great uncertainty regarding the facts and as "the issue is at root one of negligence, it is a question of fact for the jury" (Siegel, NY Prac § 280, at 409 [2d ed]). Concur—Ellerin, J. P., Wallach, Asch and Rubin, JJ.