*1004 OPINION OF THE COURT
Alan D. Oshrin, J.
Plaintiff’s CPLR 3126 motion compelling the defendants to produce the Internal Affairs Bureau investigation file is determined as provided herein.
The plaintiff has commenced this action seeking damages resulting from the death of Adell Parker Swiggett on September 5, 1985. The plaintiff claims that Mrs. Swiggett was killed by her husband, Anthony Swiggett, and that the defendants are liable for damages because of the failure of the defendants to properly enforce an order of protection.
The action was commenced in 1991 and has had a long history involving an appeal to the Court of Appeals. A note of issue and statement of readiness were filed on or about June 9, 1993. In the spring of this year an application was made with respect to issues relating to then existent discovery disputes and by order of this court dated May 27, 1999, a Referee to supervise disclosure was appointed and the depositions of Police Officer Moore and the decedent’s children were held. All outstanding discovery problems have been resolved at this juncture, except the request of the plaintiff for the production of the “Internal Affairs Bureau investigation file relative to the incident of September 5, 1985”.
Given the gravity of the issue, this court directed the plaintiff to file an appropriate application, which has been made by notice of motion and responded to by the filing of opposing papers. The question to be resolved is the ability of the plaintiff to obtain the Internal Affairs Bureau investigation file relative to the September 5, 1985 incident. Resolution of the issue involves the interplay of section 50-a of the Civil Rights Law, regarding the confidentiality of the personnel records of police officers, the Freedom of Information Law (FOIL) contained in sections 84 to 90 of the Public Officers Law and the rules for pretrial disclosure as contained in CPLR article 31 (see, Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75 [1984]; Matter of Daily Gazette Co. v City of Schenectady, 242 AD2d 164 [1998], revd on other grounds 93 NY2d 145 [1999]; Cornell Univ. v City of N. Y. Police Dept., 153 AD2d 515 [1989], lv denied 75 NY2d 707 [1990]).
Under FOIL government agencies have a broad duty of disclosure and agency records are presumptively available for public inspection and copying unless they fall within one of several categories of statutory exemptions which allow agen *1005 cies to withhold certain records (see, Matter of Hanig v State of N. Y. Dept. of Motor Vehicles, 79 NY2d 106 [1992]; Matter of Daily Gazette v City of Schenectady, 242 AD2d 164, supra). Inasmuch as FOIL is designed to grant the public “maximum access to the records of government” the exemptions available thereunder are to be narrowly construed, with the agency seeking to prevent disclosure bearing the burden of demonstrating the applicability of the exemption claimed by articulating a particularized and specific justification for denying access (Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, supra; see, Capital Newspapers v Burns, 67 NY2d 562 [1986]; Matter of Daily Gazette v City of Schenectady, 242 AD2d 164, supra; Matter of Ruberti, Girvin & Ferlazzo u New York State Div. of State Police, 218 AD2d 494 [1996]). As the Court of Appeals held in Matter of Daily Gazette v City of Schenectady (93 NY2d 145, 159 [1999], supra) in the case of a claim that disclosure is specifically exempted by statute by reason of section 50-a of the Civil Rights Law, “this means that the agency must demonstrate a substantial and realistic potential of the requested material for the abusive use against the officer.”
The defendant argues that the Internal Affairs Bureau investigation file sought is not subject to disclosure because it is considered a personnel record under section 50-a of the Civil Rights Law. As such, the applicable FOIL exemption would be as contained in section 87 (2) (a) which provides that an “agency may deny access to records or portions thereof that * * * are specifically exempted from disclosure by state or federal statute” (see, Matter of Prisoners’ Legal Servs. v New York State Dept. of Correctional Servs., 73 NY2d 26 [1988]). Section 50-a provides in pertinent part that “[a] 11 personnel records, used to evaluate performance toward continued employment or promotion * * * shall be considered confidential and not subject to inspection or review * * * except as may be mandated by lawful court order.” Initially the court notes that the defendant has not established that an Internal Affairs Bureau file constitutes a personnel record, or that a particular FOIL exemption applies. In this regard the court notes the case of Rodriguez v City of New York (222 AD2d 317 [1995]) wherein the appellate court ruled that the Internal Affairs Division file concerning the incident at issue was provided to the IAS Court for inspection, and that the court performed its statutory function of reviewing the file to determine what was relevant and material (citing Civil Rights Law § 50-a [2], [3]). *1006 It appears, therefore, that even if an Internal Affairs Bureau file can be said to constitute a personnel file, it is still subject to the court’s in camera review for the purpose of ascertaining what information, if any, contained therein is discoverable.
In support of the motion the plaintiff has submitted deposition transcripts of at least two of the police officers involved in the incident; transcripts of certain 911 tapes, and a transcript of a statement made by one of the officers to Internal Affairs. A review of the transcripts reveals that substantial inquiry was made of the officers as to what they told Internal Affairs. The central facts of this case are that the decedent was stabbed by her husband; that there was an order of protection, and that the police did not arrest the assailant. These facts, coupled with the review of the 911 tapes, the interview with the Internal Affairs officer and the depositions lead the court to conclude that there is sufficient factual predicate showing of materiality and relevancy in the materials sought to warrant the court’s in camera review (see, People v Gissendanner, 48 NY2d 543 [1979]; Zarn v City of New York, 198 AD2d 220 [1993]; see also, Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, supra; Cornell Univ. v City of N. Y. Police Dept., 153 AD2d 515, supra; CPLR 3101).
Accordingly, within 20 days of the date of this order, which is being sent to counsel by facsimile, the subject Internal Affairs Bureau file will be delivered to the court for in camera review. Counsel for the defendant shall notify counsel for the plaintiff, in writing, of the date of submission of the records to the court. Upon review of the file the court will, if it determines that there are any documents in such file which are not subject to the prohibitions against inspection, so notify counsel for the defendant in such manner as counsel for the defendant will be able to identify the document. Counsel for the defendant will then have a period of 72 hours within which to make an application to this court as to the enumerated document. Failing to make such application, the document will be made available to counsel for the plaintiff for inspection.
In concluding, the court observes that the defendant’s argument that further discovery has been waived by the filing of the note of issue is unpersuasive. As noted above, the note of issue in this case was filed in June of 1993 and in May of 1999 outstanding discovery disputes were addressed by this court, which directed the depositions of Police Officer Moore and the decedent’s children. Inasmuch as discovery has been conducted *1007 during these past five months upon the applications of both parties, there is no basis to find that there has been a waiver of further discovery.