■ In the Matter of ALPHONSE RILEY-JAMES, Appellant, v P. DAVID SOARES, as District Attorney of Albany County, Respondent. [825 NYS2d 151]—

Crew III, J. Appeal from judgment of the Supreme Court (Malone, Jr., J.), entered July 19, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

In 1988, petitioner was convicted in Albany County of various crimes, including two counts of murder in the second degree (*People v Riley-James*, 168 AD2d 740 [1990], *lv denied* 77 NY2d 966 [1991]). In 2004, petitioner requested from respondent's office copies of any documents pertaining to promises made or funds given to witnesses at his trial and any documents pertaining to proposed plea agreements (*see* Public Officers Law art 6 [hereinafter FOIL]). Respondent ultimately denied petitioner's request and a FOIL appeals officer declined to compel disclosure. Petitioner then commenced this CPLR article 78 proceeding challenging the denial. Supreme Court dismissed the petition and this appeal ensued.

Pursuant to FOIL, government documents are presumptively available for inspection and copying unless they are statutorily exempt by Public Officers Law § 87 (2) (*see Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]). None of the requests at bar appears to come within any of the statutory exemptions. Moreover, while respondent contends in his brief that the materials requested were provided to petitioner's then defense counsel, we note that the affidavit submitted on his behalf in opposition to petitioner's application provides only that petitioner "has failed . . . to come forward with an adequate showing that the records requested are no longer available through [his] criminal defense counsel." This is far from a sworn assertion that the requested materials indeed were turned over to defense counsel and certainly fails to demonstrate, through documentary proof, that copies of such documents were previously furnished to defense counsel (*see Matter of Khatibi v Weill*, 8 AD3d 485 [2004]). Accordingly, based upon the papers submitted by respondent in opposition to the petition, we believe that Supreme Court should have granted the application.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted to the extent that respondent is directed to provide the requested documents to petitioner.