■ In the Matter of HUMANE SOCIETY OF THE UNITED STATES, Respondent, v PATRICK H. BRENNAN, as Commissioner of Agriculture and Markets, et al., Appellants. [861 NYS2d 234]—

Malone Jr., J. Appeal from a supplemental judgment of the Supreme Court (Stein, J.), entered April 18, 2007 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Agriculture and Markets denying petitioner's Freedom of Information Law request.

Pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]), petitioner requested from respondent Department of Agriculture and Markets (hereinafter respondent) records related to the production of foie gras at certain farms in the Town of Liberty, Sullivan County, and the Village of Great Neck, Nassau County. Respondent released more than 1,300 pages of documents, but withheld 43 documents on the basis that they were inter- or intra-agency materials exempt from disclosure and 85 documents that were related to an ongoing investigation. After that determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding. Respondent then released the 85 documents related to the investigation, which had been completed. After an in camera review of the remaining withheld documents, Supreme Court determined that some were not exempt from disclosure and ordered respondent to release them, found that some were exempt and properly withheld and reserved decision on four documents that it determined required further explanation from respondent. Ultimately, Supreme Court ordered respondent to release the four documents, one of which it found was subject to redaction. Respondents now appeal.

"Pursuant to FOIL, government documents are presumptively available for inspection and copying unless they are statutorily exempt by Public Officers Law § 87 (2)" (*Matter of Riley-James v Soares*, 33 AD3d 1171, 1172 [2006] [citation omitted]). The burden rests on the agency resisting disclosure to show that the document " 'falls squarely within a FOIL exemption by

articulating a particularized and specific justification for denying access' " (*Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007], quoting *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]). As relevant here, Public Officers Law § 87 (2) (g) provides that an agency may deny access to inter- or intra-agency records that are not "statistical or factual tabulations or data." Factual data is identified as objective information, rather than "opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 277 [1996]).

Here, the four documents at issue consist of handwritten notes and three memoranda authored by a veterinarian employed by respondent that were prepared in connection with the veterinarian's role in investigating the apparent presence of a low pathogenic avian influenza at Hudson Valley Foie Gras, Inc. Upon our own in camera inspection, we agree with Supreme Court that the information in the handwritten notes, which consists of a description of the layout and structure of Hudson Valley, its buildings and the activities conducted in each, constitutes factual data that is not exempt from disclosure. We do find, however, that the disclosure of the telephone numbers for "Izzy" and "Marcus" contained therein would constitute an unwarranted invasion of personal privacy and shall be redacted pursuant to Public Officers Law § 87 (2) (b).

With respect to the memoranda, the document dated May 19, 2005 contains most of the same objective factual observations about the layout of the farm that was contained in the handwritten notes, and also describes the manner in which the ducks are moved about the farm. The May 23, 2005 memorandum describes the procedure used to collect samples at the farm needed to test for avian influenza and also describes the number and location of ducks at the facility. Inasmuch as this information is objective and factual in nature, Supreme Court correctly determined that these documents are not exempt from disclosure (*see Ingram v Axelrod*, 90 AD2d 568, 569 [1982]). As for the June 15, 2005 memorandum, inasmuch as certain portions of that document consist of inter- and intra-agency discussions, recommendations and opinions that are exempt from disclosure, Supreme Court properly ordered that it be redacted prior to release to petitioner (*see Matter of Mingo v New York State Div. of Parole*, 244 AD2d 781, 782 [1997]). However, the remaining paragraphs contain objective factual information pertaining to the locations in which samples tested positive for avian influenza, the procedure for the disposal of manure and a de-

scription of the manner in which ducks are moved within the farm and, as such, are not exempt (see Matter of New York 1 News v Office of President of Borough of Staten Is., 231 AD2d 524, 525 [1996]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the supplemental judgment is modified, on the law, without costs, by reversing so much thereof as ordered the full disclosure of the handwritten notes dated May 15, 2005; redact the telephone numbers for "Izzy" and "Marcus" prior to disclosure of the document; and, as so modified, affirmed.