■ In the Matter of NEW YORK STATE UNITED TEACHERS, Respondent, v BRIGHTER CHOICE CHARTER SCHOOL et al., Appellants. [883 NYS2d 383]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered December 5, 2008 in Albany County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review six determinations of respondents denying petitioner's Freedom of Information Law requests.

Petitioner, a labor union, made requests in December 2007 under the Freedom of Information Law (hereinafter FOIL) (*see* Public Officers Law art 6) to respondents, six charter schools in Albany County and the boards of education and certain administrators thereof, for the names, home addresses, titles and salaries of respondents' teachers, instructors and faculty (hereinafter collectively referred to as teachers). A dispute arose regarding the extent of the requested information that should be supplied under FOIL, as well as the applicability of the personal privacy exception for information sought for a commercial or fund-raising purpose (*see* Public Officers Law § 89 [2]

[b] [former (iii)]).* In June 2008, petitioner commenced these proceedings, which were consolidated by stipulation. By the time of oral argument, petitioner had dropped its request for home addresses and respondents had acknowledged they would provide the titles and salaries of their teachers. The question left to be answered is whether respondents also had to provide the full names of their teachers. Supreme Court concluded that the full names must be provided under FOIL. Respondents appeal.

FOIL is premised on "the strong policy conviction that 'the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government' " (*Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.*, 73 NY2d 92, 95 [1989], quoting *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]). Accordingly, "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" (*Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]; *see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462 [2007]). An agency seeking to assert statutory exemptions must "demonstrate that 'the material requested falls squarely within the ambit of one of these statutory exemptions' " (*Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359, 362 [2002], quoting *Matter of Fink v Lefkowitz*, 47 NY2d at 571).

The Legislature has specifically provided that charter schools are subject to the provisions of FOIL (*see* Education Law § 2854 [1] [e]). It follows that, for the limited purpose of FOIL, respondents are tantamount to an "agency" (Public Officers Law § 86 [3]) and their employees stand on similar ground as public employees. As such, respondents are required to maintain records of "the name, public office address, title and salary" of their employees (Public Officers Law § 87 [3] [b]). Respondents have provided no cases where this basic information about employees who are subject to FOIL has been found to be exempt from disclosure. Indeed, this basic information as to state employees, as well as public school teachers in this state, is accessible by anyone for any purpose on the Internet. While respondents argue that there are sound reasons for not requiring the same level of transparency for respondents' teachers as

---

* The parties do not contend that the recent amendments to FOIL (*see* L 2008, ch 223, § 4 [eff Aug. 6, 2008]) should be applied in this proceeding, where the requests were made and the proceeding was commenced before the amendments became effective. We make no ruling regarding the amended statutory language.

public school teachers, the Legislature has made no such distinction.

The personal privacy exception upon which respondents rely, as it existed at the pertinent time, does not support their argument that the teachers' full names need not be provided. Such exception provided, in relevant part, that it was an unwarranted invasion of personal privacy to seek "lists of names and addresses if such lists would be used for commercial or fundraising purposes" (Public Officers Law § 89 [2] [b] [former (iii)]). This language has been interpreted to include information sought under FOIL to be used in direct-mail membership solicitation, which in turn results in receipt of funds or dues (*see e.g. Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.*, 73 NY2d at 96-97; *Matter of New York State Rifle & Pistol Assn., Inc. v Kelly*, 55 AD3d 222, 226 [2008]). While respondents produced proof from which petitioner's intent to solicit members could be inferred, there are two important distinctions in this proceeding that keep it from falling within the holdings of cases finding the personal privacy exception applicable. First, the cases upon which respondents rely sought disclosure of names and, significantly, also home addresses. Disclosing a person's home address implicates a heightened privacy concern (*see generally* Public Officers Law § 89 [7]; *Department of Defense v FLRA*, 510 US 487 [1994]; *Matter of Empire Realty Corp. v New York State Div. of Lottery*, 230 AD2d 270, 272-273 [1997]). Here, petitioner has dropped its initial request for the teachers' home addresses. Second, unlike the precedent cited by respondents, this case involves a request for—as discussed above—basic information required to be kept (*see* Public Officers Law § 87 [3] [b]) about employees whose status subjects them to FOIL on essentially the same footing as public employees (*see* Education Law § 2854 [1] [e]).

Peters, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.