■ In the Matter of JOHN T. CARNEVALE, Individually and as Administrator of the Estate of HARRISON CARNEVALE, Deceased, et al., Respondents-Appellants, v CITY OF ALBANY, Appellant-Respondent. [891 NYS2d 495]—

Kane, J.

Petitioners' son was fatally injured after being hit by a vehicle that was involved in a police chase. In July 2007, petitioners made a request pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) for various information gathered by respondent during and after the incident. Respondent initially sent a letter denying the request, but then provided some documents and remained in contact with petitioners and their counsel regarding the request. In June 2008, petitioners filed an administrative appeal of the denial of their FOIL request. After respondent failed to respond, petitioners commenced this CPLR article 78 proceeding challenging the denial.

Supreme Court found that the petition was timely filed. On the merits, the court required respondent to disclose unredacted statements of two witnesses, including the witnesses' names and addresses, and withheld judgment regarding statements by police officers pending in camera review. After reviewing those statements, which were given during an internal investigation into the incident, the court determined that they were exempt from disclosure. The court also denied petitioners' request for counsel fees. Respondent and petitioners appeal.

Petitioners timely commenced this proceeding. Initially, as respondent never informed petitioner of the availability of or process for an administrative appeal, respondent cannot now argue that petitioners failed to exhaust their administrative remedies by filing such an appeal at an earlier date (*see* 21 NYCRR 1401.7 [b]; *Matter of Cullum v Goord*, 45 AD3d 1212, 1212 [2007]; *Matter of Rivette v District Attorney of Rensselaer County*, 272 AD2d 648, 649 [2000]). Although respondent sent an initial denial letter, respondent continued to provide documents and communicate with petitioners, including assuring them that respondent was working to provide a further response and informing them that more documents may become available once the law enforcement investigation was concluded. Under the circumstances, petitioners reasonably concluded that respondent's earlier letters did not constitute final and binding determinations of their FOIL request (*see Matter of Orange County Publs. v Kiryas Joel Union Free School Dist.*, 282 AD2d 604, 606 [2001]). Thus, the statute of limitations did not begin to run when those letters were sent, and petitioners timely commenced this proceeding (*see* CPLR 217 [1]).

Petitioners were entitled to the names and addresses of the

witnesses who provided statements to the police. Under FOIL, government records are presumptively available to the public for inspection unless subject to an exemption (*see Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]). Exemptions are narrowly construed, with the agency that seeks to prevent disclosure bearing the burden of demonstrating that the requested material falls squarely within an exemption by articulating a particularized and specific justification for denying access (*see id.*; *Matter of Humane Socy. of U.S. v Brennan*, 53 AD3d 909, 910-911 [2008], *lv denied* 11 NY3d 711 [2008]; *see also* Public Officers Law § 89 [4] [b]). Respondent has not met that burden with regard to the two witness statements.

Conclusory statements are insufficient to deny access, as are categorical assertions that all law enforcement investigations will be harmed if witnesses' names are available through a FOIL request in this situation (*see Matter of New York Times Co. v New York State Dept. of Health*, 243 AD2d 157, 160 [1998]; *Matter of Buffalo Broadcasting Co. v New York State Dept. of Correctional Servs.*, 155 AD2d 106, 110-111 [1990]; *cf.* Public Officers Law § 87 [2] [e] [i]; *compare Matter of John H. v Goord*, 27 AD3d 798, 799-800 [2006]). Respondent has not asserted that the witnesses were confidential informants or that they requested or were promised anonymity (*see Cornell Univ. v City of N.Y. Police Dept.*, 153 AD2d 515, 517 [1989], *lv denied* 75 NY2d 707 [1990]; *cf.* Public Officers Law § 87 [2] [e] [iii]; *compare Matter of Dobranski v Houper*, 154 AD2d 736, 738-739 [1989]). Similarly, respondent provided no proof that these witnesses' lives or safety would be endangered by releasing their names or addresses (*cf.* Public Officers Law § 87 [2] [f]). While disclosing a person's home address may implicate heightened privacy concerns (*see Matter of New York State United Teachers v Brighter Choice Charter School*, 64 AD3d 1130, 1132 [2009], *lv granted* 13 NY3d 712 [2009]), respondent provided no proof that disclosing this information here would constitute an unwarranted invasion of personal privacy, such as causing economic or personal hardship (*see Matter of Buffalo Broadcasting Co. v New York State Dept. of Correctional Servs.*, 155 AD2d at 112; *cf.* Public Officers Law § 87 [2] [b]; § 89 [2] [b] [iv]). As respondent did not demonstrate the applicability of any exemption, Supreme Court correctly determined that petitioners were entitled to unredacted copies of the statements given by the two witnesses.

Respondent appropriately refused to provide statements that its police officers gave to its office of professional standards. As

a review of the taped interviews discloses, that internal investigative body gathered the statements through mandatory interviews that were conducted to determine whether discipline against any officers was warranted. The officers were informed that their statements could result in employment action as severe as dismissal. The statements concerning possible misconduct could reasonably be used to evaluate the officers' performance, and have the substantial potential to be used in litigation to degrade, harass, embarrass or impeach the officers' integrity. Thus, the statements qualify as personnel records of a law enforcement agency that are exempt from disclosure (*see* Public Officers Law § 87 [2] [a]; Civil Rights Law § 50-a; *Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 152, 157-159 [1999]; *Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany*, 63 AD3d 1336, 1338-1339 [2009], *lv granted* 13 NY3d 707 [2009]).

While courts may award counsel fees to litigants who substantially prevail in a FOIL proceeding (*see* Public Officers Law § 89 [4] [c]), the decision whether to award such fees is discretionary even when the statutory prerequisites have been established (*see Matter of Maddux v New York State Police*, 64 AD3d 1069, 1070 [2009], *lv denied* 13 NY3d 712 [2009]; *Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany*, 63 AD3d at 1339). We cannot say that Supreme Court abused its discretion in denying petitioners' request for counsel fees here.

Cardona, P.J., Peters, Lahtinen and Stein, JJ., concur. Ordered that the judgments are affirmed, without costs.