■ In the Matter of SCHENECTADY COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, INC., Appellant, et al., Petitioner, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, Respondent. [904 NYS2d 512]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Devine, J.), entered October 8, 2008 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially denying petitioners' Freedom of Information Law request.

Pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]), petitioners requested from

---

respondent the names and street addresses of all licensed veterinarians and veterinary technicians located in Schenectady County.[1] Respondent provided petitioners with a list of those individuals, along with the city and state portion of their addresses, but refused to disclose the licensees' street addresses, stating that the release of such information would constitute an unwarranted invasion of personal privacy (*see* Public Officers Law § 87 [2] [b]). After an unsuccessful administrative appeal, petitioners commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner Schenectady County Society for the Prevention of Cruelty to Animals, Inc. (hereinafter petitioner) appeals.

FOIL "impos[es] a broad standard of open disclosure in order to achieve maximum public access to government documents" (*Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d 410, 416 [1995]). Courts must construe FOIL liberally, such that government records are presumptively available for public inspection unless a statutory exemption applies (*see Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575, 580 [1980]; *Matter of New York State United Teachers v Brighter Choice Charter School*, 64 AD3d 1130, 1131 [2009], *lv granted* 13 NY3d 712 [2009]; *see also* 21 NYCRR 1401.1 [d]). "Exemptions are narrowly construed, with the agency that seeks to prevent disclosure bearing the burden of demonstrating that the requested material falls squarely within an exemption by articulating a particularized and specific justification for denying access" (*Matter of Carnevale v City of Albany*, 68 AD3d 1290, 1292 [2009] [citations omitted]; *see* Public Officers Law § 89 [4] [b]; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d at 566; *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]). Because respondent failed to meet that burden, petitioner was entitled to receive the records it requested.

Respondent asserts that the street addresses of licensees were exempt because their "disclos[ure] would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]). The Legislature clarified the personal privacy exemption by providing certain categories of information that would fall within its terms (*see* Public Officers Law § 89 [2] [b]). Although that list is nonexclusive, respondent did not meet his

---

1. The dissent notes that respondent is responsible for maintaining licensing information for nearly 800,000 individuals engaged in 47 different professions across the state. While that may be interesting trivia, this proceeding only deals with individuals engaged in two professions in one county.

burden of establishing that any of those categories applies here, or that the disclosure of street addresses will necessarily constitute an "unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]; § 89 [2] [b]). While this Court has noted that "[d]isclosing a person's home address implicates a heightened privacy concern" (*Matter of New York State United Teachers v Brighter Choice Charter School*, 64 AD3d at 1132), we have also ordered disclosure of home addresses where the agency failed to provide proof that such disclosure fell within the personal privacy exemption (*see Matter of Carnevale v City of Albany*, 68 AD3d at 1292; *see also Cornell Univ. v City of N.Y. Police Dept.*, 153 AD2d 515, 517 [1989], *lv denied* 75 NY2d 707 [1990]; *Matter of New York Teachers Pension Assn. v Teachers' Retirement Sys. of City of N.Y.*, 71 AD2d 250, 257 [1979]).

Here, respondent asserted that the agency's database contains one address per licensee and the agency is unable to distinguish whether the licensee has supplied a business or home address.[2] A business address would not implicate personal privacy and would be available under FOIL (*see American Broadcasting Cos. v Siebert*, 110 Misc 2d 744, 751 [1981]; Comm on Open Govt FOIL-AO Letter from Bob Freeman to Jim Baldwin, May 16, 1994). In a situation nearly identical to this case, the Committee on Open Government opined that if an agency was unsure whether the addresses it maintained were home or business addresses, the agency could not "justify a denial of access based on its contention that some, but not all of the addresses, are home addresses" (Comm on Open Govt FOIL-AO-16051 [2006] [responding to inquiry concerning FOIL request seeking names and addresses of physical therapists licensed by Department of Education]). Though that opinion is not binding, the Committee's reasoning leads us to agree with its conclusion (*see Matter of John P. v Whalen*, 54 NY2d 89, 96 [1981]; *Matter of Csorny v*

---

**2.** On this point, respondent submitted the affidavit of the director of the Division of Professional Licensing Services. The Division regulates 47 professions, and the affidavit is clearly based upon the director's experience in general—as noted by his examples relating to speech-language pathologists, occupational therapists and licensees who work in prisons—rather than to the specific records relating to veterinarians or veterinary technicians. While the director affirms that, "[b]ased upon [his] own knowledge, many registered addresses are in fact residential addresses," he does not provide the basis for this knowledge and his explanation reveals that his conclusion is an assumption rather than a fact-based statement. Contrary to the dissent's suggestion, we will not rely on inferences or speculation to establish respondent's burden.

*Shoreham-Wading Riv. Cent. School Dist.*, 305 AD2d 83, 90 [2003]).[3]

The dissent engages in a weighing of the public interest in the information versus the privacy interests involved. While such an analysis is appropriate when considering whether the personal privacy exemption applies absent the applicability of a specific statutory category (*see Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 485 [2005]; *Matter of Edwards v New York State Police*, 44 AD3d 1216, 1216 [2007]), the dissent distorts the analysis here by framing the question so as to consider how the disclosure of home addresses affects these interests.[4] The underlying problem is that the record fails to establish that home addresses, as opposed to business addresses, will be disclosed. Proof that one, or some, or all of the licensees at issue in this case provided home addresses could affect the balance. Without such proof, however, we cannot prevent disclosure of all addresses based on speculation that we may be risking the inadvertent disclosure of private information.[5]

Finally, the dissent suggests that we should direct that notice of this proceeding be provided to the affected licensees, which would allow them an opportunity to intervene. Initially, the statutory provisions of FOIL do not address the rights of individuals whose information may be included in government documents that are subject to disclosure (*see Cornell Univ. v City of N.Y. Police Dept.*, 153 AD2d at 516). While courts have discretion to order notice of a proceeding to any person (*see* CPLR 7802 [d]), this relief was not requested by respondent. In

---

3. As the dissent points out, respondent was aware of this advisory opinion and specifically chose not to follow it without explaining why he disagreed with the opinion. Additionally, being on notice of that 2006 opinion, respondent apparently did nothing to revise the agency's method of collecting addresses from licensees either by asking for separate business and home address information or informing licensees that any address they provided could be subject to disclosure. Respondent now desires to have this Court protect the privacy of licensees in light of his failure to take any action to improve his record-keeping procedures.

4. The dissent also stresses the requesters' purpose for seeking the information, which is generally irrelevant when determining if the documents are available under FOIL (*see Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d at 566-567).

5. While the dissent feels that there is a question of fact regarding whether respondent maintains licensees' business or residential addresses, that question is based on a speculative affidavit and inferences drawn from that affidavit. If, however, such a question exists, it was created by respondent's inexact record-keeping. We cannot allow him to meet his burden of proving an exemption under FOIL by relying on his own inadequate practices.

a memorandum of law, respondent asked Supreme Court for an opportunity, should the court order disclosure, to notify licensees and permit them to provide alternative addresses if they so choose. Respondent also submitted the affidavit of the director of the Division of Professional Licensing Services, who stated that the present records did not distinguish between home and business addresses, therefore figuring out which type of address was listed would require respondent to solicit additional information from licensees, which FOIL does not require (*see* Public Officers Law § 89 [3]). According to the affidavit, this would necessitate the creation of a new record, which FOIL also does not require (*see* Public Officers Law § 89 [3]). Considering the affidavit along with the request in his memorandum of law, respondent wants to have it both ways. He basically argued that he could not be required to contact licensees for additional information and could not be required to create a new record, then asked for an opportunity to do what FOIL does not require only if the court found against him. Although courts have discretion to provide notice of a proceeding to any person, if respondent was so concerned about the licensees' privacy, he could have contacted them and determined whether they had provided home addresses prior to the court issuing an order, allowing him to resolve the case by redacting home addresses and turning over the information without any court involvement. Instead, his request to the court would actually contravene the purposes of FOIL by creating a new record of addresses in response to a FOIL request to avoid disclosing the original records. This we cannot condone.

Respondent acknowledges a lack of awareness regarding which licensees provided home addresses and which provided business addresses. The record contains only speculation that any of the requested addresses are home addresses. Respondent therefore has not met his burden of establishing that the personal privacy exemption applies. With the agency having failed to establish an exemption, FOIL's broad standard of open disclosure and presumption of availability require that the street addresses be disclosed. Accordingly, Supreme Court's judgment is reversed and the petition is granted in its entirety.

Mercure, J.P., and Lahtinen, J., concur.

Malone Jr., J. (dissenting). The Department of Education is responsible for maintaining a database containing licensing information for nearly 800,000 registered individuals working in 47 professions in New York, including certified public accountants, dentists, doctors, nurses, psychologists, social workers and veterinarians. These individuals are required to provide

the Department with one current mailing address at which they can receive information regarding their licensure and the failure to do so can result in a finding of professional misconduct (*see* Education Law § 6509 [8]; 8 NYCRR 29.1 [b] [13]). Because the Department requires only one address and does not require a specific type of address to be provided by the licensees, its database is not equipped to differentiate between residential and business addresses.[1]

Petitioners here requested from respondent information regarding all of the licensed veterinarians and veterinary technicians located in Schenectady County. Notably, petitioners expressly limited their request to the names and *business* addresses of those individuals. In that respect, we agree with the majority's conclusion that the disclosure of such business information would not implicate the licensees' personal privacy (*see* Public Officers Law § 87 [2] [b]; § 89 [2] [b]). However, it is not disputed that a question of fact exists as to whether the addresses that are maintained by respondent are the licensees' business or residential addresses. According to respondent, at least some of the addresses are residential in nature. Because we would consider the disclosure of the licensees' residential addresses to be an unwarranted invasion of privacy, we cannot agree with the majority's conclusion that respondent is required to disclose every street address regardless of whether it is residential or business—a disclosure that would be more broad than that sought by petitioners' limited request.

Although the disclosure here does not squarely fit within any of the six statutorily enumerated privacy exceptions (*see* Public Officers Law § 89 [2] [b]), that list is not exhaustive. When, as in this case, none of the exceptions is applicable, "we must decide whether any invasion of privacy here is 'unwarranted' by balancing the privacy interests at stake against the public interest in disclosure of the information" (*Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 485 [2005]). This Court has stated that the disclosure of an individual's "home address implicates a heightened privacy concern" (*Matter of New York State United Teachers v Brighter Choice Charter School*, 64 AD3d 1130, 1132 [2009], *lv granted* 13 NY3d 712 [2009]; *see Matter of Goyer v New York State Dept. of Envtl. Conservation*, 12 Misc 3d 261, 270-271 [2005]). It is reasonable

---

1. Indeed, as averred by the director of the Division of Professional Licensing Services, many of the professionals licensed by the Department, such as nurses, physical therapists and occupational therapists, often work in home care settings. Thus, it is reasonable to infer that those individuals likely would not have a fixed business address to provide to respondent.

to infer that these licensees—as well as the nearly 800,000 other licensees for whom respondent collects such information—may be relying on the government to be discreet in performing its custodial duties and to protect their personal information, which is not clearly relevant to the work of the agency (*see* Public Officers Law § 89 [2] [b] [iv], [v]). It is difficult to see how the public interest in the disclosure of the licensees' home addresses outweighs the affected individuals' legitimate privacy concerns (*see Department of Defense v FLRA*, 510 US 487, 495-497 [1994]). Although, as the majority highlights, disclosure of home addresses has been ordered in the past (*see e.g. Matter of Carnevale v City of Albany*, 68 AD3d 1290, 1292 [2009]; *Cornell Univ. v City of N.Y. Police Dept.*, 153 AD2d 515, 517 [1989]; *Matter of New York Teachers Pension Assn. v Teachers' Retirement Sys. of City of N.Y.*, 71 AD2d 250, 256-257 [1979]), in each of those cases the petitioner was seeking the information for the purpose of directly communicating with the subjects. Here, by contrast, petitioners are actively seeking to disseminate the licensees' addresses and other information in some manner to the public, a distinction worth noting.[2]

The majority is persuaded by an advisory opinion by the Committee on Open Government in which the Committee opines that the Department could not refuse to deny disclosure of addresses for reasons nearly identical to those asserted herein. However, "the advisory opinions of the Committee on Open Government are neither binding upon the agency nor entitled to greater deference in [a CPLR] article 78 proceeding than is the construction of the agency" (*Matter of Goyer v New York State Dept. of Envtl. Conservation*, 12 Misc 3d at 270 [internal quotation marks and citations omitted]; *accord Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 493 [1994]). The advisory opinion was noted by respondent and was specifically not followed. In adopting the reasoning of the advisory opinion, the majority does not address the fact that the licensees about whom such information will be released have not been heard in this proceeding. The statutory provisions of FOIL do not address their rights (*see Cornell Univ. v City of N.Y. Police Dept.*, 153 AD2d at 516), but it nonetheless remains the proper role of the courts to take their rights into account, and afford proper protection to their interests. The underlying statute

---

2. In one communication with respondent, petitioners claim that the names and addresses of the veterinarians and veterinarian technicians in Schenectady County "must be released . . . as a matter of public policy in these times of Global Terrorism [*sic*] [because it] is vital for the community to be able to know where qualified personnel are available to respond to emergencies."

governing this proceeding allows the court to direct that notice be given to interested persons, which would allow them an opportunity to intervene (see CPLR 7802 [d]; see also Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono, 91 NY2d 716, 720 [1998]). Under the circumstances here, we would direct that notice be provided to the affected licensees pursuant to CPLR 7802 (d), specifically informing them of the nature of the proceeding and of the potential that their street address on file with respondent would be subject to public dissemination.[3]

Garry, J., concurs. Ordered that the judgment is reversed, on the law, without costs, and petition granted.

---

**3.** This remedy would be in accord with the alternate relief respondent requested in Supreme Court, wherein the agency requested that it be provided with an opportunity to give notice of an impending disclosure to the affected licensees to allow them an opportunity to provide the agency with an alternate address if they so desired.