*982 OPINION OF THE COURT
Richard M. Platkin, J.
Petitioner Vincent Mazzone brings this proceeding pursuant to CPLR article 78, challenging the denial in part of a Freedom of Information Law (FOIL) request submitted to the New York State Department of Transportation (DOT) for records pertaining to a bridge reconstruction and replacement project in the Town of Clarkstown, Rockland County. Respondent DOT opposes the petition through an answer that, among other things, raises the defense of failure to exhaust administrative remedies.
Background
On or about March 10, 2010, petitioner submitted a FOIL request to DOT seeking records pertaining to the above-referenced project. By letter dated March 12, 2010, respondent acknowledged receipt of the FOIL request and advised petitioner that a large volume of responsive records “reside in a number of locations, both in the Main Office in Albany as well as locations in Poughkeepsie and Clarkstown.” The letter stated that it was expected to take six weeks to provide a complete response, but that documents would be provided to petitioner as they became available.
In a letter dated March 31, 2010, DOT stated that it had researched petitioner’s request “for responsive records which reside in the Main Office in Albany.” The agency advised that certain responsive records were available for viewing and that staff was continuing to retrieve and review other potentially responsive records. The letter further advised petitioner that he would “receive a separate response from [DOT’s] Region 8 Office in Poughkeepsie relative to records which are kept there.”
On April 9, 2010, petitioner was granted access to additional responsive records located in DOT’s main office in Albany. DOT’s letter also informed petitioner that “[t]his completes the response to the request pertaining to records which reside in the Main Office in Albany. You will receive a separate response from our . . . Office in Poughkeepsie relative to records which are kept there.”
Petitioner scheduled an appointment to view the Albany records on April 28, 2010. At that time, he was given a letter from DOT confirming that he had been granted “access to the vast majority” of responsive records, but that other documents, “consisting almost entirely of internal e-mails,” were being withheld under various FOIL exemptions. This letter, dated *983 April 28, 2010, stated that petitioner could appeal the denial of access administratively.
The following day, April 29, 2010, petitioner did in fact file an administrative appeal. By letter dated May 12, 2010, petitioner’s appeal was denied in its entirety, and petitioner was informed that he “may consider this letter the Department’s final determination in this matter.”
Contemporaneously with the above exchanges, on April 20, 2010, petitioner was notified by telephone that a portion of the requested records was available for review in Poughkeepsie. Petitioner deferred on viewing these records until all of the Poughkeepsie records were available, so as to avoid unnecessary travel. A letter confirming the foregoing was sent by DOT to petitioner on May 10, 2010. By letter dated June 21, 2010, DOT notified petitioner that the Poughkeepsie records he requested were available for viewing.
On July 28, 2010, petitioner traveled to Poughkeepsie, reviewed the documents and marked the ones that he wished copied. However, petitioner did not receive those documents and after making inquiry, he was advised that they were under review. By letter dated September 2, 2010, petitioner requested that all of the documents previously marked for duplication be forwarded immediately or made available for pickup. Hearing nothing from respondent, on September 8, 2010, petitioner filed the instant article 78 proceeding, requesting access to the records previously withheld from the Albany office and to the records previously viewed and marked from the Poughkeepsie office.
On September 23, 2010, during the pendency of this proceeding, DOT advised petitioner that while certain of the requested records from the Poughkeepsie office would be provided upon payment, other records (or portions thereof) were claimed to be exempt from disclosure. That letter further informed petitioner of his right to appeal this denial of access.
Analysis
“Under FOIL, government records are presumptively available to the public for inspection unless subject to an exemption (see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]).” (Matter of Carnevale v City of Albany, 68 AD3d 1290, 1292 [3d Dept 2009].) This “broad standard of open disclosure” serves to “achieve maximum public access to government documents” (Matter of Encore Coll. *984 Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale, 87 NY2d 410, 416 [1995]). “Exemptions are narrowly construed” and “the agency that seeks to prevent disclosure hearts] the burden of demonstrating that the requested material falls squarely within an exemption by articulating a particularized and specific justification for denying access” (Matter of Carnevale v City of Albany, 68 AD3d 1290, 1292 [2009]).
In seeking to discharge its burden, DOT has submitted the withheld documents from its Albany office for in camera review. However, the court declines to pass on the merits of the underlying FOIL claim, as it is clear that this matter is not properly before the court.
Although DOT’s letter of May 12, 2010 advised petitioner that he “may consider this letter the Department’s final determination in this matter,” that clearly was not the case. Following the May 12, 2010 determination, DOT continued to identify responsive records in its Poughkeepsie office, grant access to certain of these records, and invoke FOIL exemptions to deny access to other such records. And on September 23, 2010, during the pendency of this proceeding, DOT purported to issue a second final FOIL determination with respect to records located in the Poughkeepsie office.
DOT apparently chose to take a single FOIL request and subdivide it into at least two subrequests based upon the geographic region in which responsive records are located.* But there is no authority under FOIL for an agency to convert a single request for access to records into multiple subrequests based on the physical location of the records, the categories of records sought or the like. Rather, the plain language of Public Officers Law § 89 (3) (a) and (4) (a) contemplates a FOIL requestor receiving one final agency determination in the event responsive records are withheld.
And while treating petitioner’s March 10, 2010 request as separate FOIL requests to the agency’s Albany and Poughkeepsie offices may have furthered DOT’s administrative convenience, the conversion of a single FOIL request into a multiplicity of “subrequests” can only serve to engender multiple “final” agency determinations, administrative appeals and article 78 proceedings. Such a practice also raises a host of procedural questions regarding finality and exhaustion and poses an undue burden on FOIL requestors and, of course, reviewing courts.
*985 Accordingly, based on the foregoing, it is ordered that the matter is remanded to respondent with a direction to promptly process petitioner’s entire FOIL request in accordance with Public Officers Law § 89 (3) (a) and (4) (a), such that petitioner receives a single final agency determination with respect to any records to which access is denied; and it is further ordered that the petition is granted to that limited extent and denied in all other respects without prejudice in accordance with the foregoing.

 It appears from DOT’s March 12, 2010 letter that additional responsive documents may be located at a third site, the Clarkstown location.