[932 NYS2d 243]

In the Matter of TJS of NEW YORK, INC., Appellant, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents.

Third Department, November 3, 2011

## APPEARANCES OF COUNSEL

*Barry Leibowicz*, Great Neck, for appellant.

*Eric T. Schneiderman, Attorney General*, Albany (*Paul Groenwegen* of counsel), for respondents.

## OPINION OF THE COURT

Rose, J.

Petitioner made a request under the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) for records in connection with a sales tax audit performed by respondent Department of Taxation and Finance. When Supreme Court (Sackett, J.) ordered the Department to provide petitioner with copies of its records in an electronic format, the Department provided certain data that could not be viewed without a copy of the Department's Audit Framework Extension software, which it refused to provide. Petitioner then moved to compel production of the software program in order to install it on his computer and view the electronic files. The court denied petitioner's motion, concluding that the software program was

exempt from disclosure pursuant to Public Officers Law § 87 (2) (i). Petitioner's subsequent motion to renew was denied by Supreme Court (McGrath, J.). Petitioner appeals from both the judgment and the latter order.

It is by now axiomatic that FOIL " 'impos[es] a broad standard of open disclosure,' " in that all government records are presumptively available to the public unless they fall within a specific statutory exemption (*Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills*, 74 AD3d 1417, 1418 [2010], *affd* 18 NY3d 42 [2011], quoting *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d 410, 416 [1995]). For FOIL purposes, the term record is broadly defined as including

> "any information kept, held, filed, produced or reproduced by, with or for an agency . . . , in any physical form whatsoever including, but not limited to, reports, statements, examinations, memoranda, opinions, folders, files, books, manuals, pamphlets, forms, papers, designs, drawings, maps, photos, letters, microfilms, computer tapes or discs, rules, regulations or codes" (Public Officers Law § 86 [4]).

On the other hand, statutory "[e]xemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *see Matter of Carnevale v City of Albany*, 68 AD3d 1290, 1292 [2009]).

The Department, relying on advisory opinions from the Committee on Open Government (*see* Comm on Open Govt FOIL-AO-12366 [2000]; *see also* Comm on Open Govt FOIL-AO-15407 [2005]), contends that the software at issue does not constitute a record for purposes of FOIL because it contains no information. Instead, the Department characterizes it as a mere delivery system or data warehouse. Petitioner disputes this argument, citing the Department's own description of the software as well as advisory opinions in which the Committee on Open Government concludes that software can constitute a record under FOIL (*see* Comm on Open Govt FOIL-AO-12920 [2001]; Comm on Open Govt FOIL-AO Letter from Robert J. Freeman to George F. Supan [June 24, 1998]).

■ The description of the software submitted by the Department and the reasoning and analysis contained in the advisory opinions relied on by petitioner lead us to conclude that the software at issue contains information and, thus, constitutes a record for FOIL purposes.* Specifically, the affidavit submitted by the Department from an auditor involved in the design and development of the software program, as well as the attached training manual for the software, reveals that the software is the means for conducting an audit and that, based on data entered by an auditor, the program does reconciliations, creates letters, produces forms, determines taxes due or refunds owed and creates a comprehensive audit report. The June 1998 advisory opinion cited by petitioner concludes that software that enables an agency to manipulate data is a record pursuant to FOIL in the same way that a written manual describing a series of procedures would be subject to disclosure under FOIL (*see* Comm on Open Govt FOIL-AO Letter from Robert J. Freeman to George F. Supan [June 24, 1998]; *see also* Comm on Open Govt FOIL-AO-18079 [2010]). The 2001 advisory opinion references a definition of software as "a series of instructions designed to produce information that can be seen on a screen, printed, stored, transferred and transmitted" and concludes *that it* is a record subject to FOIL (*see* Comm on Open Govt FOIL-AO-12920 [2001]). Given these opinions and the Department's own description of the capabilities of the program, we conclude that it is more than just a delivery system or data warehouse and, instead, falls within FOIL's broad definition of a record subject to disclosure (*see* Public Officers Law § 86 [4]; *Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462 [2007]).

■ We must next consider whether the cited statutory exemption applies. Relying upon Public Officers Law § 87 (2) (i), the Department argues that the security of its software program would be jeopardized by disclosure because it could be used to generate false letters or forms which, if sent to taxpayers, could lead them to disclose confidential information. In our view, however, neither the plain language of the exemption, its legislative history, nor the relevant advisory opinions support the Department's position.

---

* We note that advisory opinions from the Committee on Open Government are not binding authority, but may be considered to be persuasive based on the strength of their reasoning and analysis (*see Matter of John P. v Whalen*, 54 NY2d 89, 96 [1981]; *Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 77 AD3d 224, 230 n 5 [2010], *lv dismissed* 15 NY3d 906 [2010]).

Public Officers Law § 87 (2) (i) exempts material that, "if disclosed, would jeopardize the capacity of an agency or an entity that has shared information with an agency to guarantee the security of its information technology assets, such assets encompassing both electronic information systems and infrastructures." On its face, the exemption is concerned with ensuring the security of information technology assets. The expressed legislative intent was to protect against the risks of electronic attack, including damage to the assets themselves, interference with the performance of agency computers and programs, and the unauthorized access to an agency's electronic data (*see* Senate Introducer Mem in Support, Bill Jacket, L 2001, ch 368, at 4-5; *see also* Comm on Open Govt FOIL-AO-13777 [2002]; Comm on Open Govt OML-AO-4292 [2006]; Comm on Open Govt FOIL-AO-16312 [2006]). The Department raises no such concerns regarding the use of the software to breach or compromise its own information technology infrastructure, interfere with its own performance of its responsibilities or gain access to or manipulate information maintained by the Department. The Department's only argument, that the uses to which the software are put might be illegal or fraudulent, is, in our view, an overly broad interpretation of the exemption. This is especially so because an applicant's motive for seeking a record is generally irrelevant in determining whether documents are available under FOIL (*see Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse*, 65 NY2d 294, 296-297 [1985]; *Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills*, 74 AD3d at 1420 n 4). In light of the narrow construction afforded the statutory exemptions (*see Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462; *Matter of Carnevale v City of Albany*, 68 AD3d at 1292), and the Department's failure to articulate a legitimate concern covered by the exemption at issue, we conclude that the Department failed to meet its burden of demonstrating the applicability of the exemption.

Based on our conclusion, petitioner's arguments regarding the denial of his motion to renew and the conditions the Department sought to impose on his access to the software are academic, and we remit petitioner's request for counsel fees to Supreme Court for determination (*see Matter of New York State Defenders Assn. v New York State Police*, 87 AD3d 193, 197 [2011]).

MERCURE, J.P., MALONE JR., KAVANAGH and GARRY, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, motion granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Ordered that the appeal from the order is dismissed, as academic, without costs.