■ MICHAEL A. MORO, Plaintiff, v PATRICIA V. MORO, Appellant. DUNKIN' DONUTS OF AMERICA, INC., et al., Nonparty-Respondents

The defendant, Patricia V. Moro, sought to compel Dunkin' Donuts to answer interrogatories concerning the sales prices of the 20 most recent sales of franchises and the method used by Dunkin' Donuts to evaluate the worth of a franchise for

purposes of determining the value of the plaintiff Michael Moro's Dunkin' Donuts franchise. Under CPLR 3130 (2), the information requested from a nonparty must be more than relevant; it must be both "reasonable and necessary" (Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:6, p 135 [1986 Supp Pamph]; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3130:5, pp 319-320 [1986 Pocket Part]). Under the facts of the present case, we cannot say that Special Term abused its discretion (see, Kaye v Kaye, 102 AD2d 682). Moreover, the plaintiff's franchise can be evaluated through his own books and records (cf. Taranto v Taranto, 118 AD2d 1053). Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.