OPINION OF THE COURT
Hancock, Jr., J.
The question in this appeal by respondents, New York City Police Department and its Commissioner, is whether a request under the Freedom of Information Law (FOIL) for the names and addresses of persons holding rifle or shotgun permits for rifles and shotguns may be denied as an unwarranted invasion of personal privacy under Public Officers Law §§ 87 (2) (b) and 89 (2) (b) (iii).* Petitioner, a nonprofit organization, seeks the names and addresses of such permittees in order to solicit membership dues to help support its informational, lobbying, and other activities. Respondents’ contention is that solicitation of membership dues to further the goals of a nonprofit organization is a form of "fund-raising” as the term is used in Public Officers Law § 89 (2) (b) (iii). Thus, it is argued, release of the names and addresses for such solicitation would constitute one of the specifically enumerated categories of unwarranted invasions of personal privacy for which disclosure may be withheld under the exemption established in Public Officers Law §87 (2) (b). Supreme Court rejected this contention and granted the relief demanded in petitioner’s CPLR article 78 proceeding. The Appellate Division affirmed without stating its reasons. We granted leave to appeal and now reverse.
In its solicitation circular petitioner describes itself as "the largest individual membership, pro-gun activist, state-wide *95 organization whose sole function is to defend * * * 'the right of the people to keep and bear arms’ ” (emphasis in original). It lists various services and amenities provided to its members including free legal advice, replies to media attacks on a member’s right to own firearms, political action to assist legislators friendly to petitioner’s cause, and active cooperation with the National Rifle Association and its Institute of Legislative Action. Annual membership rates are $15 for an individual and $30 for a club.
Prior to commencing the instant proceeding, petitioner, in an earlier CPLR article 78 proceeding, had succeeded in obtaining the police department’s computer print-out of all New York City pistol-revolver licensees as public records under Penal Law § 400.00 (5). In its initial decision in this proceeding, Supreme Court — while recognizing that permits for rifles and shotguns, unlike licenses for pistols or revolvers, were not public records under Penal Law § 400.00 (5) — nevertheless held that the names and addresses of such permittees were required to be released as public records under the comparable provision in New York City Administrative Code, chapter 18, § 436-6.0 et seq. (now § 10-301 et seq.). Although deciding, on motion for reargument, that the New York City Administrative Code was not applicable, Supreme Court nevertheless adhered to its original determination. The court, citing Matter of New York Veteran Police Assn. v New York City Police Dept. (92 AD2d 772, revd on other grounds 61 NY2d 659), held that the information was sought for neither commercial nor fund-raising purposes and was, therefore, not exempt under Public Officers Law § 87 (2) (b).
Respondents make no claim that petitioner, as a not-for-profit corporation, seeks the names and addresses for commercial use. Their sole contention is that petitioner’s solicitation of membership dues amounts to fund-raising and that, therefore, the release of the information sought for such purpose would constitute an unwarranted invasion of the permittees’ privacy under section 89 (2) (b) (iii). We believe this conclusion is compelled by a fair construction of the statutory provision.
FOIL, we have emphasized, is based on the strong policy conviction that "the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government” (Matter of Fink v Lefkowitz, 47 NY2d 567, 571). Indeed, in its declaration of purpose in enacting FOIL the Legislature stated "that government is the public’s business *96 and that the public, individually and collectively as represented by a free press, should have access to the records of government in accordance with the provisions of this article” (Public Officers Law § 84). For these reasons, we have repeatedly held "that FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government (see, Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 564, citing Matter of Fink v Lefkowitz, supra, at p 571)” (Matter of Capital Newspapers v Whalen, 69 NY2d 246, 252). The exemptions must, nonetheless, be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL (see generally, Matter of Capital Newspapers v Whalen, 69 NY2d 246, 251-252, supra).
Applying these general rules, we look first to the particular statutory language on which respondents base their claim of exemption. Public Officers Law § 87 (2) (b) (iii) includes as an "unwarranted invasion of personal privacy” the "sale and release of names and addresses if such lists would be used for commercial or fund-raising purposes”. There can be little question that the direct-mail membership solicitation proposed here would constitute "fund-raising” if that term is given its natural and most obvious meaning (see, Matter of Capital Newspapers v Whalen, supra, at 251; McKinney’s, Cons Laws of NY, Book 1, Statutes § 94). Petitioner seeks the names and addresses of rifle and shotgun permittees so that it may mail them circulars describing the organization, its activities, and the services it performs for members. The circular contains a statement of "annual membership rates” for both individuals and clubs and a detachable "membership application” to be completed and returned with the requisite payment. It is not disputed that a primary reason for conducting this general mail solicitation is to obtain membership dues to support the organization’s activities. Simply put, the proposed mailing is to raise funds.
We reject petitioner’s argument — relying on Matter of New York Teachers Pension Assn. v Teachers’ Retirement Sys. (71 AD2d 250, 256) and New York Veteran Police Assn. v New York City Police Dept. (92 AD2d 772, supra) — that seeking membership dues to promote the aims of a nonprofit organization is different from directly soliciting contributions. It is the *97 purpose of the solicitation which matters, not what it is called, the manner or form in which it is presented to the solicitees, or the incidental benefits available to those who make a payment — as, for example, in the case before us, the receipt of the organization’s bimonthly newspaper or free legal advice in firearms licensing cases. If, as is unquestionably true here, dues received are intended to support the general activities of the organization and to further its over-all objectives, the solicitation activity is "fund-raising”.
Our construction of the term "fund-raising” is not in any sense inimical to the policies of FOIL. It does not deny disclosure of official information helpful to the public in making "intelligent, informed choices with respect to both the direction and scope of governmental activities (see Public Officers Law, § 84).” (Matter of Fink v Lefkowitz, supra, at 571.) It is not even suggested that disclosure of the names and addresses of the permittees would promote this objective. Indeed, it is precisely because no governmental purpose is served by public disclosure of certain personal information about private citizens that the privacy exemption of section 87 (2) (b) fits comfortably within FOIL’S statutory scheme. Thus, the rights of individuals to be free from unwanted commercial contacts or nonprofit fund-raising efforts — specifically recognized by the Legislature in the exemption at issue here — can be given precedence without undercutting FOIL’S purpose. In deciding what the Legislature intended to include in this particular category of exempted records, it is not for us— contrary to the suggestion in petitioner’s brief — to weigh the degree of annoyance or intrusion which would result from the receipt by mail of dues solicitations. It is enough that the Legislature has seen fit to classify the release of the names and addresses of individuals for use in such fund-raising efforts as an unwarranted invasion of their privacy.
In view of the foregoing, it is unnecessary to address the other arguments presented in the briefs.
Accordingly, the order appealed from should be reversed, with costs, and the petition dismissed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order reversed, etc.

 Public Officers Law § 87 (2) (b) states:
"2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that: * * *
"(b) if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article”.
Public Officers Law § 89 (2) (b) (iii) provides:
"(b) An unwarranted invasion of personal privacy includes, but shall not be limited to: * * *
"iii. sale or release of lists of names and addresses if such lists would be used for commercial or fund-raising purposes”.