[863 NYS2d 439]

In the Matter of NEW YORK STATE RIFLE AND PISTOL ASSOCIA-
TION, INC., Respondent, v RAYMOND W. KELLY, as Commis-
sioner of the Police Department of the City of New York et
al., Appellants.

First Department, September 18, 2008

## APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Alan G. Krams, Kristin M. Helmers* and *Leonard Koerner* of counsel), for appellants.

*McMahon, Martine & Gallagher, LLP,* New York City (*Patrick W. Brophy* of counsel), for respondent.

## OPINION OF THE COURT

CATTERSON, J.

In this CPLR article 78 proceeding, we reverse a judgment that granted the petitioner's request for a list, in digital format, of the names and addresses of all pistol licensees in the City of New York, redacted to delete current and former police and correction officers and government employees as provided in Public Officers Law § 89 (7). We find that the respondent Commissioner is exempt from having to comply with the petitioner's Freedom of Information Law (FOIL) request because respondent met his burden of providing specific proof of the petitioner's intent to use the requested material for the impermissible purposes of fund-raising and/or commercial gain.*

On July 12, 2002, the petitioner made a FOIL request, seeking, in digital format, a list of the names and addresses of all pistol licensees in the City of New York. The respondent agreed to supply physical documents, provided the petitioner paid for the copying. The petitioner agreed, but renewed its request for

---

* We take judicial notice that, effective August 6, 2008, section 89 (2) (b) (iii) is amended to delete the prohibition against releasing such lists for "commercial" purposes, and in order to facilitate the enforcement of its remaining protections, a new sentence is added to section 89 (3) (a) permitting an agency to require anyone requesting names and addresses to provide written certification that such person will not use such lists for solicitation or fund-raising purposes. (L 2008, ch 223, §§ 4, 6, 8.) This requirement was not in effect when petitioner made the request at issue here.

the information in digital format, if available. The respondent then provided the petitioner with documents that included the name and borough of residence of pistol licensees, but not the street address. The petitioner accepted the documents without challenge or appeal.

One year later, on July 12, 2003, the petitioner made another request for the names and addresses of pistol licensees, in digital format. On August 6, 2003, the respondent denied this request, stating that it does not index the information in digital format, and advised the petitioner of its right to appeal.

On September 5, 2003, the petitioner filed its appeal with the Records Access Appeals Officer. The petitioner argued that the respondent did indeed have the requested information in digital format and provided evidence from an "anonymous informant," which it claimed showed the digital/computer capabilities of the Department.

On December 17, 2003, the respondent's Records Access Appeals Officer denied the petitioner's request stating that: (1) it was duplicative of a prior request; (2) disclosure of the material would create an unwarranted invasion of personal privacy pursuant to Public Officers Law § 87 (2) (b) and § 89 (2) (b); and (3) the information did not exist in digital format.

On April 15, 2004, the petitioner commenced the instant article 78 proceeding. The petitioner articulated its rationale for the request as a desire to communicate with pistol licensees in the city in order to disseminate information and rally opposition to the City Council's efforts to enact gun control legislation.

In a decision and judgment, dated October 16, 2006, the court granted the petition and directed the respondent to provide, in digital form, the names and home addresses of current pistol license holders, redacted to delete current and former police and correction officers and government employees who are exempt from disclosure under Public Officers Law § 89 (7).

For the reasons set forth below, this Court reverses. Section 89 (2) (b) (iii) of the Public Officers Law provides in pertinent part that a FOIL request may be denied upon an agency's showing there would be an unwarranted invasion of privacy stemming from, inter alia, the "sale or release of lists of names and addresses if such lists would be used for commercial or fundraising purposes." (*See* n, *supra*.) The burden at all times rests with the agency to justify any denial of access to requested records. (*See Matter of Data Tree, LLC v Romaine*, 9 NY3d 454,

462 [2007].) If a FOIL request is denied, the agency "must show that the requested information 'falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access.' " (*Id.* at 462-463, quoting *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986].)

Here, the Police Commissioner persuasively argues that even absent formal discovery in this administrative proceeding, it may be readily inferred from the available record that the petitioner intends to use the Police Commissioner's digital file of names and addresses of pistol licensees for fund-raising purposes. The petitioner is an organization comprised of dues-paying members, whose purpose is to unite those who are interested in advocating, inter alia, their constitutional right to bear arms, and by numbers alone to form an influential body. Regardless of one's views on the substantive constitutional issues or the role of firearms in our collective cultural consciousness, the petitioner has acknowledged that a primary self-sustaining function of its organization is to "raise money for its operations."

While FOIL does not require a party requesting information to show any particular need or purpose for records which are demanded, a petitioner's motive or purpose in seeking the records becomes relevant if the petitioner's intended use of the requested material would run afoul of the FOIL exemptions outlined in Public Officers Law § 89 (2) (b). (*See* n, *supra; see also Matter of Data Tree, LLC v Romaine*, 9 NY3d at 463.)

At minimum, given the nature and format of the information sought and the petitioner's organizational purpose, a reasonable inference can be drawn that the petitioner sought a copy of the digital list to both advertise and build its not-for-profit organization by soliciting new members. The petitioner's assertion that its FOIL request was "chiefly motivated" by a desire to communicate with pistol licensees about important issues is not inconsistent with the petitioner's underlying purpose of increasing its membership. The petitioner's organization depends upon the support of dues-paying members to disseminate its message. Without the financing from dues, the petitioner would lack the financial wherewithal to fulfill its purpose.

Direct-mail membership solicitation by a not-for-profit organization consisting of rifle and shotgun permitees has been determined, in similar circumstances, to constitute fund-raising within the meaning of Public Officers Law § 89 (2) (b) (iii). (*See*

e.g., *Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.*, 73 NY2d 92 [1989].) The fact that here, unlike in *Matter of Federation of N.Y. State Rifle & Pistol Clubs*, the petitioner has not expressly stated its intent to use the sought-after list to solicit members is immaterial, as the petitioner here inexplicably withheld comment on such alleged intended use.

Thus, the Police Commissioner met his burden of articulating a particular and specific justification for denying the petitioner's FOIL request (i.e., petitioner's likely use of the digital list of names and addresses for fund-raising purposes). Notably, the petitioner offered no direct response to this assertion in the proceedings below, which might raise a factual issue as to intent. On this record, then, it is reasonable for the Police Commissioner to infer that the petitioner intends to use the names and addresses on the digital list for fund-raising purposes. (*See e.g. Matter of Siegel, Fenchel & Peddy v Central Pine Barrens Joint Planning & Policy Commn.*, 251 AD2d 670, 671-672 [1998], *lv denied* 93 NY2d 804 [1999].)

To the extent the petitioner argues that, unlike in *Matter of Federation of N.Y. State Rifle & Pistol Clubs*, the invasion of privacy exemption does not apply here as the data requested was already a matter of public record as per Penal Law § 400.00 (5) (citing *Matter of Kwitny v McGuire*, 53 NY2d 968 [1981]), that assertion is misplaced. The invasion of privacy argument here is not founded upon a claim of unauthorized public disclosure of the licensees' names and addresses, but upon the invasive use of the digital list to solicit the licensees for fund-raising purposes. In applying for their pistol licenses, the licensees may have agreed to the public disclosure of certain personal information, but there is no evidence that they agreed to a general waiver of privacy rights, such as might subject them to fund-raising solicitation by a private organization.

If the petitioner seeks the names and addresses of the licensees, it may visit the agency, review submitted license applications, and copy what information it deems pertinent for its fund-raising purposes. It may not compel the agency to assist it with its fund-raising objectives by requesting the agency's digital list of licensees' names and addresses.

The Court's holding in *Kwitny* is distinguishable from the instant application as there was no issue of solicitation for fund-raising purposes. Moreover, here, a denial of the petitioner's FOIL request does not result in the withholding of official infor-

mation helpful to the public in making intelligent, informed choices with respect to both the direction and scope of governmental activities. (*See generally* Public Officers Law § 84; *Matter of Federation of N.Y. State Rifle & Pistol Clubs*, 73 NY2d at 97.)

Accordingly, the judgment of the Supreme Court, New York County (Doris Ling-Cohan, J.), entered November 6, 2006, directing respondents to furnish digital identification, at petitioner's expense, of all current pistol licensees in New York City, with the exception of current and former police and correction officers and government employees, should be reversed, on the law, without costs, the petition denied and the proceeding dismissed.

MAZZARELLI, J.P., WILLIAMS, SWEENY and MOSKOWITZ, JJ., concur.

Judgment, Supreme Court, New York County, entered November 6, 2006, reversed, on the law, without costs, the petition denied and the proceeding dismissed.