# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1118**
**CA 11-01104**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

KATHLEEN T. D'ANGELO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN D. D'ANGELO, DEFENDANT-RESPONDENT.
--------------------------------------------------
GRANDMAR ASSOCIATES, LP, JOHNFRAN ASSOCIATES, LP,
NICHOLAS D'ANGELO AND JOSEPHINE D'ANGELO,
NONPARTY RESPONDENTS-APPELLANTS.

---

WOODS OVIATT GILMAN LLP, ROCHESTER (F. MICHAEL OSTRANDER OF COUNSEL),
FOR NONPARTY RESPONDENTS-APPELLANTS.

THE LEGAL AID SOCIETY OF ROCHESTER, ROCHESTER (VIVIAN M. AQUILINA OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Joanne M. Winslow, J.), entered October 29, 2010 in a divorce action. The order, among other things, compelled nonparty respondents GrandMar Associates, LP, JohnFran Associates, LP, Nicholas D'Angelo and Josephine D'Angelo to submit to third-party discovery by answering certain interrogatories.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this matrimonial action, plaintiff moved for an order directing nonparty respondents to answer interrogatories pursuant to CPLR 3130 (2). Defendant and nonparty respondents opposed the motion, contending that the information sought in the interrogatories was "irrelevant to the underlying matrimonial action" inasmuch as defendant's sole involvement in the limited partnerships that are the subject of the interrogatories was as custodian for the interests held by the parties' six children. Supreme Court granted the motion, concluding that the information sought was limited in scope and that child support would be directly affected by any tax liability of the children or any assets held by them. We affirm.

Contrary to the contention of nonparty respondents, the court's interpretation of CPLR 3130 (2) is not subject to de novo review inasmuch as the issue whether the court properly granted the relief sought by plaintiff does not involve "a question 'of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent' " (*Weingarten v Board of Trustees of N.Y. City*

*Teachers' Retirement Sys*., 98 NY2d 575, 580).  Rather, the issue is whether plaintiff established that the information sought in the interrogatories "concern[ed] a party, and . . . [was] both reasonable and necessary in the prosecution or the defense of such matrimonial action" (CPLR 3130 [2]).  Our scope of review is thus to determine whether the court abused its discretion in granting the motion (*see Moro v Moro*, 124 AD2d 792, 793; *see also Kaye v Kaye*, 102 AD2d 682, 690).

Under the circumstances of this case, we conclude that there was no abuse of discretion.  The information sought in the interrogatories concerned defendant, in his role as custodian of the children's interests in certain limited partnerships, and the information was both reasonable and necessary in plaintiff's prosecution of the matrimonial action.  Nonparty respondents contend for the first time in their reply brief that plaintiff could have obtained the information directly from defendant pursuant to EPTL 7-6.12 (e) and thus that contention is not properly before us (*see Ponzi v Ponzi*, 45 AD3d 1327, 1328; *Turner v Canale*, 15 AD3d 960, *lv denied* 5 NY3d 702).

Entered:  November 10, 2011                     Patricia L. Morgan
                                                Clerk of the Court