Matter of Freedom Found. v Jefferson County (2024 NY Slip Op 03944)

Matter of Freedom Found. v Jefferson County

2024 NY Slip Op 03944

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

397 CA 23-00339

[*1]IN THE MATTER OF FREEDOM FOUNDATION, PETITIONER-RESPONDENT,
v
JEFFERSON COUNTY, RESPONDENT-APPELLANT. 

DAVID J. PAULSEN, COUNTY ATTORNEY, WATERTOWN (KARI K. FAHRENBACH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
SHELLA ALCABES, OLYMPIA, WASHINGTON, FOR PETITIONER-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Jefferson County (James P. McClusky, J.), entered January 20, 2023, in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by dismissing the petition and as modified the judgment is affirmed without costs.
Memorandum: Petitioner is a not-for-profit organization whose alleged purpose is to "promote individual liberty, free enterprise, and limited, accountable government." Petitioner made a request pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6) seeking "information for each Jefferson County employee who is currently employed in a position covered by a collective bargaining agreement with CSEA/AFSCME Local 1000." With respect to each employee, petitioner sought the employee's first name, middle name, last name, gender, public office address, job title, hire date, agency or department, work email address "or naming convention and domain," work telephone number, and bargaining unit. In addition, petitioner sought "to receive the responsive information electronically in machine-readable format." Respondent's County Administrator denied the request pursuant to Public Officers Law §§ 87 (2) (b) and 89 (2) (b) (iii) as "an unwarranted invasion of personal privacy," because the "requested information [was] not relevant to the employees' performance of their official duties and would be used for fund[-]raising or solicitation purposes." After petitioner's administrative appeal was denied, petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondent to grant the FOIL request. Respondent answered, contending that the request was properly denied pursuant to Public Officers Law §§ 87 (2) (b) and 89 (2) (b) (iii). Respondent now appeals from a judgment that, inter alia, granted the petition based on, among other things, Supreme Court's conclusion that petitioner's stated purpose in obtaining the requested information—i.e., to educate workers "as to the rights they have regarding membership in their union"—was not a purpose that involved engaging in "solicitation" within the meaning of Public Officers Law § 89 (2) (b) (iii).
"FOIL imposes a broad duty of disclosure on government agencies," and "[a]ll agency records are presumptively available for public inspection and copying" unless one of the statutory exemptions applies, thereby permitting the agency to withhold the records (Matter of Hanig v State of N.Y. Dept. of Motor Vehs., 79 NY2d 106, 109 [1992]; see Public Officers Law §§ 84, 87 [2]; Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d 1401, 1403 [4th Dept 2022]). The exemptions are to be "narrowly construed," and the burden rests on the agency to demonstrate that an exemption applies (Hanig, 79 NY2d at 109; see Public Officers Law § 89 [4] [b]; Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]). However, although "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government," the exemptions contained [*2]within FOIL must "be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept., 73 NY2d 92, 96 [1989] [internal quotation marks omitted]). In order "to invoke one of the exemptions of [Public Officers Law § ] 87 (2), the agency must articulate particularized and specific justification for not disclosing requested documents" (Gould, 89 NY2d at 275 [internal quotation marks omitted]; see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462-463 [2007]; New York Civ. Liberties Union, 210 AD3d at 1403).
"Against that backdrop, an agency may decline disclosure of records [that], 'if disclosed[,] would constitute an unwarranted invasion of personal privacy' " (Matter of Hepps v New York State Dept. of Health, 183 AD3d 283, 287 [3d Dept 2020], lv dismissed & denied 37 NY3d 1001 [2021], quoting Public Officers Law § 87 [2] [b]). That personal privacy exemption "incorporates a nonexhaustive list of categories of information that [the legislature has determined] would statutorily constitute unwarranted invasions of personal privacy if disclosed" (id.), including, as relevant here, the "release of lists of names and addresses if such lists would be used for solicitation or fund-raising purposes" (§ 89 [2] [b] [iii]).
Here, the dispositive issue—i.e., the meaning of the term "solicitation"—is an issue of pure statutory interpretation and, therefore, we "need not accord any deference to the agency's determination" (Matter of DeVera v Elia, 32 NY3d 423, 434 [2018] [internal quotation marks omitted]; see Matter of Schwabler v DiNapoli, 194 AD3d 1235, 1236 [3d Dept 2021]; see generally D'Angelo v D'Angelo, 89 AD3d 1424, 1424-1425 [4th Dept 2011]). "When presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the [l]egislature" (Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019] [internal quotation marks omitted]). The Court of Appeals has "long held that the statutory text is the clearest indicator of legislative intent, and that a court should construe unambiguous language to give effect to its plain meaning" (id. [internal quotation marks omitted]; see Ashley M. v Marcinkowski, 207 AD3d 1093, 1095 [4th Dept 2022]). "In the absence of a statutory definition, [courts should] construe words of ordinary import with their usual and commonly understood meaning, and in that connection . . . dictionary definitions [may serve] as useful guideposts in determining the meaning of a word or phrase" (Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC, 34 NY3d 1, 7 [2019] [internal quotation marks omitted]). "Where the statutory language is unambiguous, a court need not resort to legislative history" (Walsh, 34 NY3d at 524; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 173 [2019]). Further, a statute "must be construed as a whole and . . . its various sections must be considered together and with reference to each other" (Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, 721 [2012], rearg denied 20 NY3d 983 [2012] [internal quotation marks omitted]).
The term "solicitation" is not defined in the Public Officers Law. Respondent contends that the court erred in narrowly construing that term to include only those activities that are intended to result in financial gain to the party requesting the information via FOIL and that, under the circumstances here, petitioner's FOIL request was for solicitation purposes within the meaning of Public Officers Law § 89 (2) (b) (iii). We agree.
"Solicitation" is a word of "ordinary import," and thus it should be given its "usual and commonly understood meaning" (Nadkos, Inc., 34 NY3d at 7). Black's Law Dictionary defines "solicitation" as "[t]he act or an instance of requesting or seeking to obtain something; a request or petition," and also defines the term as "[a]n attempt or effort to gain business" (Black's Law Dictionary [12th ed 2024], solicitation). Merriam-Webster defines "solicit" as, inter alia, "to make petition to," "to approach with a request or plea," or "to urge" (Merriam-Webster.com Dictionary, solicit).
In its administrative appeal, petitioner indicated that it "does not use the names of public employees for solicitation or fund-raising purposes." Rather, according to petitioner, it "contacts public employees to inform them of their constitutional rights." In its brief on this appeal, petitioner asserts that the court properly "recognized . . . that [petitioner] does not engage in solicitation when it informs public employees of their rights not to be in a public-sector union" and that the court properly applied "a definition of solicitation as a financial benefit or 'fund[-]raising.' " However, the dictionary definitions of "solicitation" do not include as a requirement [*3]an element of financial gain. Thus, petitioner's urged interpretation of "solicitation" runs contrary to the term's "usual and commonly understood meaning" (Nadkos, Inc., 34 NY3d at 7 [internal quotation marks omitted]). Further, it is well settled that, "[w]henever possible, statutory language should be harmonized, giving effect to each component and avoiding a construction that treats a word or phrase as superfluous" (Matter of Lemma v Nassau County Police Officer Indem. Bd., 31 NY3d 523, 528 [2018]). If we were to interpret the term "solicitation" as requiring a financial benefit to the solicitor for purposes of Public Officers Law § 89 (2) (b) (iii), it would impermissibly render the use of the term "fund-raising" within the same provision unnecessary.
It is evident here that petitioner's intent, which "drives [our] analysis" (Matter of New York State United Teachers v Brighter Choice Charter School, 15 NY3d 560, 565 [2010]), in requesting the employees' names, contact information, and union status, is to contact union members to urge them to opt out of union membership. Indeed, petitioner states in its brief on appeal that it "contacts public employees for the purposes of its educational mission through . . . a project" that it calls " 'Opt-Out Today.' " There is no indication that petitioner "intends to use the names to, for example, expose governmental abuses or evaluate governmental activities" (id.). Nor, as petitioner asserts, does the "natural and obvious meaning" we assign to the term "solicitation" conflict "with the legislative intent and . . . general purpose and manifest policy underlying FOIL" (Federation of N.Y. State Rifle & Pistol Clubs, 73 NY2d at 96). "If anything, it is precisely because no governmental purpose is served by public disclosure of this information that section 87 (2) (b)'s privacy exemption falls squarely within FOIL's statutory scheme" (New York State United Teachers, 15 NY3d at 564-565 [internal quotation marks omitted]).
Based on the foregoing, we agree with respondent that the court erred in concluding that the statutory privacy exemption under Public Officers Law § 89 (2) (b) (iii) does not apply and, inasmuch as that exemption applies, we conclude that the court should have dismissed the petition on that basis. We therefore modify the judgment accordingly.
In light of our determination, we need not address respondent's remaining contentions.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court